UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UTGR, INC.<br>(d/b/a TWIN RIVER)<br><br>Plaintiff,<br><br>v.<br><br>SEIU, LOCAL 334<br><br>Defendant. | CA 07 318S<br>Civil Action No. ________<br>**REQUEST FOR EXPIDITED RELIEF** |

**MOTION TO VACATE THE ARBITRATION RULING OR,**
**<u>IN THE ALTERNATIVE, TO STAY THE ARBITRATION</u>**

UTGR, Inc. (d/b/a Twin River) (formerly Lincoln Park, hereinafter "Twin River"), through its attorney, respectfully requests this Court vacate the arbitration ruling entered by Arbitrator Richard G. Boulanger, Esq. (the "Arbitrator") on August 13, 2007 (the "Ruling"), because the Arbitrator exceeded his powers, or in the alternative, stay the arbitration pending a determination by the National Labor Relations Board as to the question of whether the Players Club employees should accrete to SEIU, Local 334's bargaining unit. In support of this motion, Twin River relies on the memorandum of law submitted herewith.

**<u>PARTIES</u>**

1. Twin River is a Delaware corporation having its principal place of business in Lincoln, Rhode Island.

2. Defendant SEIU, Local 334 (the "Union"), is the local affiliate of a Washington, D.C. based labor organization representing employees in four sectors – hospital systems, long term care, property services, and public services.

## JURISDICTION

3. Jurisdiction of this Court is based upon a federal question, 28 U.S.C § 1331, 29 USC § 185 (§ 301 of the Labor Management Relations Act).

## FACTS

4. Effective February 1, 2003, Twin River and the Union entered into a collective bargaining agreement ("Agreement"), covering certain classifications of Twin River's employees, which included, among other provisions, a procedure for processing and adjusting grievances, including binding arbitration as the final step thereof. A copy of the Agreement is attached hereto as Exhibit A.

5. In the fall of 2005, Twin River began the development of a tracking system for patrons to be utilized for marketing purposes.

6. On January 9, 2006, Twin River established a "Players Club" for marketing purposes to employ the tracking system and to gather information on patrons of Twin River. A copy of the Players Club Rules and Regulations, which lists the start date and summarizes the promotional nature of the Players Club program, is attached hereto as Exhibit B.

7. The Players Club is part of the marketing department, and is a continuation and enhancement of the Diamond Club. The Players Club employees are responsible for promotions, loyalty rewards, gathering proprietary information regarding a subset of patrons, and enrolling patrons in the rewards programs. The Players Club employees report to the Vice President of Marketing.

8. The Players Club employees are required to sign a "Guest List Confidentiality Policy," while the non-Players Club employees are not required to sign a confidentiality policy. A copy of a form Guest List Confidentiality Policy is attached hereto as Exhibit C.

9. The employees in Twin River's marketing department – formerly the Diamond Club and now the Players Club - historically have been excluded from the bargaining unit.

10. On February 8, 2006, the Union filed a grievance alleging that Twin River established and continues to staff Players Club positions in violation of the Agreement. A copy of the grievance is attached hereto as Exhibit D.

11. Having failed to settle the grievance, on March 24, 2006, the Union filed a Demand for Arbitration with the American Arbitration Association. A copy of the Demand for Arbitration is attached hereto as Exhibit E.

12. The Union's requested remedy was to include the Players Club positions in the bargaining unit and to make the members whole in every way. See Exhibit D.

13. According to Article 12.4 of the Agreement, the powers of the Arbitrator with respect to interpretation and application of the agreement, and the remedies the Arbitrator may afford, are limited in the following respects:

> "The Arbitrator shall have the power after the hearing has been completed, to make any decision, award, finding or direction, issue any and all mandatory directions, orders and prohibitions as he may deem necessary and advisable in construing this Agreement or making any decision with reference to any breach thereof. However, the Arbitrator shall have no authority to add to, detract from, modify or disregard any of the provisions of this Agreement. The decision and/or award of the Arbitrator shall be final and binding on both parties."

14. On March 20, 2007, the parties were notified that a hearing would take place on June 18, 2007, before the Arbitrator.

15. During the June 18, 2007 hearing, Twin River moved to dismiss the grievance for the Arbitrator's lack of subject matter jurisdiction.

16. The Union opposed Twin River's request.

17. In a July 26, 2007 correspondence to the American Arbitration Association, Twin River pressed its request for a dismissal based on the Arbitrator's lack of subject matter jurisdiction. A copy of the July 26, 2007 correspondence is attached hereto as Exhibit F.

18. On August 3, 2007, the Union opposed Twin River's motion to dismiss. A copy of the August 3, 2007 correspondence is attached hereto as Exhibit G.

19. On August 13, 2007, the Arbitrator denied Twin River's motion to dismiss and held that he has subject matter jurisdiction over the grievance. A copy of the Ruling is attached hereto as Exhibit H.

20. Twin River alleges that the Ruling is wholly void in that the Arbitrator exceeded his powers because he lacks subject matter jurisdiction over the issues of whether the Players Club employees can accrete to the bargaining unit.

21. Twin River alleges that a decision by the Arbitrator finding that the Players Club employees are part of the bargaining unit will substantially and irreparably injure Twin River's property.

**COUNT I**
**(Declaratory Relief)**

Twin River re-alleges and restates paragraphs 1 through 21.

22. The Ruling must be vacated because the Arbitrator exceeded his powers due to the fact that he lacks jurisdiction, or in the alternative, the arbitration must be stayed to prevent substantial and irreparable injury to Twin River's property.

WHEREFORE, Plaintiff Twin River respectfully prays that this Court:

(A). Enter a judgment vacating the arbitration decision or, in the alternative, staying the arbitration;

(B) Award Plaintiff its costs sustained in this action; and,

(C) Grant Plaintiff such other and further legal and equitable relief as this Court deems appropriate.

Respectfully submitted,
UTGR, INC. (d/b/a TWIN RIVER)

By Its Attorney,

David D. Barricelli (R.I Bar #4763)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
dbarricelli@haslaw.com

Dated: August 21, 2007

# CERTIFICATION

To:

Marc B. Gursky, Esq.
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

I hereby certify that I mailed a copy of the within motion to counsel of record, as above, on the 21st day of August, 2007