HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*David D. Barricelli*
dbarricelli@haslaw.com

July 26, 2007

~~Richard G. Boulanger, Esq.~~
Arbitrator
c/o American Arbitration Association
One Center Plaza, Third Floor
Boston, MA 02108

**Re: SEIU 334 and Lincoln Park**
**Case No. 11 300 00691 06**

Dear Arbitrator Boulanger:

On June 18, 2007, you convened the first day of hearings in the above stated matter. At that time, UTGR, Inc. d/b/a Twin River (formerly Lincoln Park, hereinafter Twin River) challenged your authority to hear the matter claiming your lack of subject matter jurisdiction to adjudicate issues of accretion. Twin River stated that case law has established the exclusive jurisdiction for questions of accretion with the National Labor Relations Board. Further, Twin River requested that you rule on the issue of subject matter jurisdiction prior to submittal of the case by the parties. However, you denied the request stating that you would hold the decision until the conclusion of the presentation of evidence by the parties.

It is Twin River's position that the National Labor Relations Board has exclusive jurisdiction over the question of whether the Players Club employees should accrete to Local 334's bargaining unit. Board precedent clearly establishes exclusive jurisdiction of the Board over questions of accretion. In *Marion Power Shovel Company, Inc.*, 230 NLRB No. 85, 95 LRRM 1339 (1977), the Board held "[t]he determination of questions of representation, accretion, and appropriate unit do[es] not depend upon contract interpretation but involve[s] the application of statutory policy, standards, and criteria. These are matters for decision of the Board rather than an arbitrator."

In a case decided later that same year, *Williams Transportation Company*, 233 NLRB No. 125, 96 LRRM 1597 (1977), the Board held that the determination of whether a shop office clerk has been accreted to a bargaining unit was within the NLRB's province to make and refused to defer

to a Joint Western States Committee's award including the shop office clerk in the bargaining unit.

More recently, the Board in *Ziegler Inc.*, 333 NLRB No. 114 (2001) recognizing the principle that the determination of questions regarding accretion are not matters for arbitration, but rather, are matters within the exclusive province of the Board to resolve, decided to process an employer's petition seeking clarification of a bargaining unit. The employer in *Ziegler* sought to exclude "parts and warehouse employees" that had been historically excluded from the bargaining unit in response to the union's grievance alleging that the employer improperly failed to include such employees. Although the case did not involve an arbitration award, the Board approved the petition in order to avoid an incongruous arbitration award in the case.

The Board has expressly stated that parties are not required to exhaust the step of arbitration prior to bringing an accretion question to the Board. In *Tweddle Litho, Inc.*, 337 NLRB No. 102 (2002), the Board agreed with an employer who contended that the Board has exclusive jurisdiction over a case that posed the question of whether new employees are to be accreted to the contractual bargaining unit. The Board rejected the argument (presented in dissent) that the issue should be deferred to arbitration, and if representation issues remain, reviewed by the Board. Rather, the Board stated that it saw "no need to adopt this two-step process and thereby delay the handling of this case which presents, at its core, representation issues."

Under Board precedent, the Board has exclusive jurisdiction over the question of whether the Players Club employees should accrete to the bargaining unit covered by SEIU Local 334's Collective Bargaining Agreement. Clearly, the parties here are not required to participate in arbitration on questions of accretion and therefore request that this arbitration be dismissed.

Twin River further requests that you enter a written decision as soon as practicable so that if aggrieved by your decision, it can pursue other legal options prior to the August 31, 2007, hearing.

Sincerely,

David D. Barricelli

DDB:dmf

cc: Marc B. Gursky, Esq.

58733-132250
#818815-P-v1

bcc: Mr. Gary Green

**List of Cases forwarded to Arbitrator on July 26, 2007**

*Ziegler, Inc. and International Union of Operating Engineers, Local No. 49, AFL-CIO,* Case 18-UC-336, 333 NLRB No. 114

*Tweedle Litho, Inc. and Local 289M, Graphic Communications International Union, AFL-CIO,* Case 7-UC-552, 337 NLRB No. 102

*Williams Transportation Company, Vernon, Calif. and Teamsters, Local 495*, Case No. 21-UC-104, November 30, 1977, 233 NLRB No. 125, 96 LRRM 1597

---

*Marion Power Shovel Company, Inc., Marion, Ohio and Steelworkers Local 1949, AFL-CIO and Machinists, Local Lodge 1281, AFL-CIO*, Case Nos. 8-UC-103 and 8-RM-719, June 28, 1977, 230 NLRB No. 85, 95 LRRM 1339