AUG 04 2007

GURSKY LAW ASSOCIATES

Richard G. Boulanger, Esq.
Arbitrator
c/o American Arbitration Association
One Center Plaza, Third Floor
Boston, MA 02108

August 3, 2007

RE: SEIU 334 and Lincoln Park
Case No. 11 300 00691 06

Dear Arbitrator Boulanger:

On June 18, 2007, at the first day of hearings in the above referenced matter, UTGR, Inc. d/b/a Twin River (formerly Lincoln Park) (hereinafter "Twin River") erroneously challenged your authority to hear this grievance arbitration. Specifically, Twin River attempted to guise issues of contract interpretation and application as solely issues of accretion which, it argued, the National Labor Relations Board (hereinafter "NLRB") had exclusive jurisdiction. You denied Twin River's request for a ruling on the issue of subject matter jurisdiction before the parties present evidence, stating that you would hold your decision until the conclusion of evidence. In response to Twin River's misguided argument, the Mutuel/Gaming Clerks Union of Rhode Island Local 334 (hereinafter "SEIU") contends that you, as arbitrator, can hear this matter because: (1) the crux of this matter involves the interpretation and application of collective bargaining agreement provisions that the parties intended to be arbitrable; and (2) arbitrators share concurrent jurisdiction with the NLRB over matters of accretion.

First, in *United Steelworkers v. Warrior & Gulf*, 363 U.S. 574 (1960), the Supreme Court established a basic test for determining whether a grievance should be heard in arbitration. See also *A.T.&T. Technologies, Inc. v. Communications Workers of America*, 376 U.S. 543 (1964). The Court found that if there is an arbitration clause in the parties' contract, the test is whether there is "an express provision excluding a particular grievance from arbitration." If not, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* at 585.

Here, SEIU and Twin River fully intended that disputes over whether the CBA covers new employees would be heard in arbitration. Article 12.1 of the CBA provides "a grievance shall mean a complaint by an employee or a complaint by the Union that there has been a violation, misrepresentation, or a misapplication of the provisions of this Agreement or a violation of any established policy or practice." This matter satisfies Article 12.1's requirements because SEIU complains that Twin River violated, misrepresented and misapplied specific provisions of the CBA. Specifically, SEIU complains that the new employees in the Players Club are, in effect, performing validator and auditor work covered under Article 14 of CBA and, thus, they are members of SEIU, which is the exclusive collective bargaining agent for all validators and

420 Scrabbletown Road Suite C • North Kingstown, Rhode Island 02852
Tel: 401.294.4700 • Fax: 401.294.4702 • Email: rilaborlaw@aol.com

members of SEIU, which is the exclusive collective bargaining agent for all validators and auditors pursuant to Article 1.1 of the CBA. Second, Twin River failed to present any "forceful evidence" that this dispute was intended to be excluded from arbitration. Therefore, Twin River did not rebut the presumption of arbitrability and accordingly, this matter must be arbitrable.

Second, matters relating to union representation, such as here, are within the concurrent rather than the exclusive jurisdiction of the NLRB. *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 268, 272 (1964). In *International Ass'n of Machinists & Aerospace Workers, Local 2201 v. International Air Serv. of Puerto Rico, Inc.*, 636 F.2d 848 (1st Cir. 1980), the First Circuit Court set forth the reason for permitting arbitration in union representation matters:

> while it is possible to construe the relief sought [in this case] as calling for a determination of the scope of the bargaining unit represented, a task committed exclusively to the [NLRB], labor policy supplies a preference for interpreting questions as arbitrable in such a situation. As this court has noted as to analogous issues:
>
> > "Each of these issues, before it rises to a statutory level, presents questions of fact and contractual interpretation. Since the [NLRB] will not defer to an arbitrator's decision which is repugnant to the [National Labor Relations Act], no prejudice will result [fr allowing an arbitrator to clear up the factual and contractual underbrush and, perhaps, remove any need to consider the statute."

*Id.* at 849-50 (quoting *Enterprise Publishing Co. v. NLRB*, 493 F.2d 1024, 1027 (1st Cir. 1974)). In that case, the union brought an civil action under §301 of the Taft-Hartley Act, codified 29 U.S.C.S. §185(a), to compel the employer to arbitrate a grievance concerning the hiring of new employees without notifying the union. The Court held that the issue of whether the new employees fell within the bargaining unit went to the merits of the union's claim and that the issue was for the arbitrator to decide.

Moreover, the NLRB, in *Combustion Eng'g, Inc.*, 195 N.L.R.B. 909 (1972), has recognized that:

> it is by now well settled that there is... a duality of issue where, as here, the matter in dispute is whether a collective-bargaining contract should be extended to a new operation, the issue before the arbitrator being whether the parties intended their contract to apply to such operation and... whether the new employees might properly be treated as an accretion to the existing unit under criteria developed by the [NLRB].

*Id.* at 910. See also *Hershey Food Corp.*, 208 N.L.R.B. 452, 457 (1974). In that case, the

collective bargaining agreement was intended to or could be interpreted as covering the new employees who were hired after its effective date was a question for the arbitrator to decide, but the arbitrator's decision did not govern the Board's disposition of the matter.

Furthermore, in *Raley's, Inc.*, 143 N.L.R.B. 256 (1997), the NLRB observed:

> The arbitrator decided essentially the same issue as to the scope of the contract that confronted the [NLRB] in the instant representation case. We perceive nothing in the arbitrator's decision, relating to the contract coverage of janitors and bottle sorters, that is repugnant to the "purposes and policies of the Act." Indeed, in circumstances substantially identical with those in the instant case, the [NLRB] held that the employees involved were an accretion to the contract union and were therefore covered by the contract. In addition, the arbitration proceeding was fair and regular and free from any procedural infirmity which might render the award unacceptable.

*Id.* at 1349-50 (footnotes omitted).

Finally, *Marion Power Shovel Co.*, 230 N.L.R.B. 576 (1977), which Twin River cites in support of its argument, does not stand for the proposition that you, as arbitrator, cannot hear this matter because this dispute is within the exclusive jurisdiction of the NLRB. Rather, *Marion Power Shovel*, like *Combustion Eng'g*, merely supports the rule that the NLRB is not bound by the arbitrator's findings and conclusions on questions of accretion. Moreover, *Marion Power Shovel*, is distinguishable from the matter at hand because in that case the arbitrator had already issued a decision in the case.

In conclusion, this dispute is arbitrable because it does not fall within the exclusive jurisdiction of the NLRB. Rather, concurrent jurisdiction exists between arbitrators and the NLRB over whether collective bargaining agreements should be extended to new operations and new employees. Accordingly, this matter should not be dismissed for lacking subject matter jurisdiction.

Very truly yours,

Ryan C. Hurley

cc: David D. Barricelli, Esq.